IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02442-PAC-MJW

JEFFREY DAVID GONYEA,

    Plaintiff,

v.

TED MINK, Jefferson County Sheriff, ROY FLEER, Jefferson County Undersheriff, DAVID WALCHER, Jefferson County Chief, Detentions Division, PATSY MUNDELL, Jefferson County Chief, Support Services, VINCE BARRERA, West Metro Detective, and KIRK MCINTOSH, West Metro Detective,

    Defendants.

---

ORDER STRIKING FILING OF PLAINTIFF'S AMENDED COMPLAINT AND
DIRECTING PLAINTIFF TO REFILE PROPOSED AMENDED COMPLAINT

**Patricia A. Coan, United States Magistrate Judge**

This is a prisoner civil rights case and plaintiff is proceeding *pro se*. All parties have consented to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. §636(c). I held a status conference in this matter on December 15, 2005, when I disposed of numerous pending motions. I also gave the plaintiff explicit instructions about how to file his amended complaint. The courtroom minutes specify that plaintiff's *motion to amend* his complaint must be accompanied by a *proposed amended complaint* which (1) supports his claims against each defendant; (2) states some basis in fact and law to support a claim for supervisory liability; and (3) contains allegations that he has exhausted administrative remedies. On December 23, 2005, plaintiff filed a sixty-seven page document entitled "Motion for Amended Filing of Complaint" on December 23, 2005.

1

That document does not comply with either Rule 8 of the Federal Rules of Civil Procedure [FED.R.CIV.P.] or my Dec. 15, 2005 order and I will strike the filing.

Rule 8, FED.R.CIV.P. states that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED.R.CIV.P. 8(a). "The only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D.Colo. 1991), *aff'd* 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989).

Although I construe plaintiff's *pro se* pleadings liberally, his pleadings must comply with the rules of federal civil procedure, including FED.R.CIV.P. 8. See *Ogden v. San Juan*

*County*, 32 F.3d 452, 455 (10th Cir.1994), *cert. denied*, 513 U.S. 1090 (1995). Mr. Gonyea's Dec. 23, 2005 "amended complaint" is lengthy, refers to previously filed "tangible evidence," and is otherwise vague. The proposed amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. See FED.R.CIV.P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Gonyea apparently expects the Court to speculate about the parties being sued and the nature of his claims. That is not the Court's job. It is Mr. Gonyea's responsibility to edit and organize his claims and supporting allegations into an understandable format. Neither defendants nor the Court is required to do this work for him. Mr. Gonyea must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant which resulted in a violation of his rights.

I find that Mr. Gonyea's amended complaint does not comply with Rule 8. It fails to provide a short and plain statement setting forth claims that gives the defendants fair notice of the claims, and the grounds for those claims. The amended complaint also refers to and incorporates many outside documents, and these references serve to further confuse matters. A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir.1993) *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir.1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9thCir.1969). The December 23, 2005 amended complaint does not meet the requirements of FED.R.CIV.P. 8 and should be stricken. For the reasons set forth below however, I will give Mr. Gonyea **one final chance** to file an amended complaint that

complies with FED.R.CIV.P. 8 and my previous order.

At the December 15, 2005 status conference, I directed plaintiff to file a <u>motion to amend</u>, accompanied by a <u>proposed amended complaint</u>, which provides factual support for his claim(s) against each defendant.  Mr. Gonyea still has not stated any facts to support any claims against any defendant.  Further, Mr. Gonyea must state how each defendant personally participated in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

Plaintiff was also directed to set forth some basis in fact or law to support his allegations regarding supervisory liability.  Mr. Gonyea therefore must plead an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.1993).  A defendant may not be held liable merely because of his or her supervisory position.  See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir.1983).

Finally, I specifically directed plaintiff to allege in his amended complaint that he has exhausted his administrative remedies.  The Prison Litigation Reform Act at 42 U.S.C. § 1997e(a), states that "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any ... prison until such administrative remedies as are available are exhausted."  A prisoner must exhaust all available administrative remedies prior to seeking relief in federal court, regardless of the form of relief sought, and irrespective of the type of relief offered through the administrative process.  *Booth v.*

*Churner*, 532 U.S. 731 (2001); *Porter v. Nussle*, 534 U.S. 516 (2002). This "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Id.* at 520. Exhaustion is mandatory, even for prisoners seeking damage relief. *Id.* at 524. "Exhaustion ... 'serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency.'" *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005), quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). The prisoner must follow the grievance process to its conclusion; the doctrine of substantial compliance does not apply. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002).

Mr. Gonyea has the burden to sufficiently plead exhaustion of grievance proceedings, either by supplying supporting documentation on exhaustion, or if such documentation is unavailable, by describing with particularity each step of the grievance and appeal procedure and each response. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir. 2003), *cert. denied,* --- U.S. ----, 125 S.Ct. 344 (2004). The prisoner is the person best able to assert the relationship between his administrative grievance and his court filing. *Id.* When a prisoner fails to plead exhaustion adequately, it amounts to a failure to state a claim, requiring dismissal under the PLRA. *Simmat*, 413 F.3d at 1238. Mr. Gonyea's only attempt to plead exhaustion in his amended complaint is the submission of an otherwise blank Inmate Grievance Form with handwritten text in the middle that states "must have, or be allowed writing material in order to fill this form out I suppose I could have used my blood." Plaintiff's blanket assertion that he was unable to write a grievance does not meet the requirement that he allege, with particularity, that

5

he has exhausted administrative remedies.  The December 23, 2005 amended complaint thus fails to comply with my previous order directing plaintiff to plead exhaustion.

I find Mr. Gonyea's amended complaint to be noncompliant with both FED.R.CIV.P. 8 and my previous order directing him to cure the deficiencies in his previous complaint. The following will be plaintiff's **last chance** to file an amended complaint.

Accordingly, it is

**HEREBY ORDERED** that plaintiff's Amended Complaint, filed December 23, 2005 is **stricken**; it is

**FURTHER ORDERED** that plaintiff must file (1) a motion to amend; which is accompanied by (2) a proposed amended complaint.  **Mr. Gonyea shall file his motion to amend, accompanied by a proposed amended complaint no later than Monday, January 31, 2005.**

As set forth above, Mr. Gonyea's proposed amended complaint should contain: (1) a short and plain statement of the claim(s) showing that he is entitled to relief; (2) statements of all facts to support his claims against each defendant and particularly, to establish personal participation in the alleged violation; (3) allegations providing some basis in fact and law to support a claim for supervisory liability; and (4) allegations that he has exhausted administrative remedies.

**Mr. Gonyea's proposed amended complaint will be subject to dismissal, on the court's own motion, if his amended complaint fails to comply with this order.**

Dated this 11th day of January, 2006.

6

BY THE COURT:

 s/   Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge