IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02442-PAC-MJW

JEFFREY DAVID GONYEA,

    Plaintiff,

v.

TED MINK, Jefferson County Sheriff, ROY FLEER, Jefferson County Undersheriff, DAVID WALCHER, Jefferson County Chief, Detentions Division, and PATSY MUNDELL, Jefferson County Chief, Support Services,

    Defendants.

---

MEMORANDUM OPINION AND ORDER

**Patricia A. Coan, United States Magistrate Judge**

This is a §1983 prisoner civil rights case and plaintiff is proceeding *pro se*. I exercise jurisdiction under 28 U.S.C. §636(c), based on the consent of the parties entered November 8, 2005. Mr. Gonyea claims that defendants violated his constitutional rights when defendants assaulted plaintiff in the booking area at the Jefferson County Detention Center on the evening of November 21, 2003. Proposed amended complaint, filed January 25, 2006, at 4. I entered an order on January 11, 2006, striking plaintiff's amended complaint filed December 23, 2005, as not compliant with FED. R. CIV. P. 8 and giving plaintiff one **last chance** to file an amended complaint on or before January 31, 2006. I entered another order on January 25, 2006, which struck the plaintiff's January 24, 2006 motion to amend complaint, for failure to comply with the January 11, 2006 order, and also allowed plaintiff an extension of time until

February 10, 2006 to file his motion to amend with an accompanying amended complaint.  The January 25, 2006 order also reiterated what plaintiff had already heard at the December 15, 2005 status conference - he must plead an affirmative link between the alleged constitutional violation and each defendant's participation, control, direction or failure to supervise (to establish supervisory liability) and plaintiff must also plead exhaustion of remedies.  Also filed on January 25, 2006, was plaintiff's proposed amended complaint.  Notwithstanding the extension of time he was granted until February 10, 2006, plaintiff has not filed another motion to amend with an amended complaint.  Plaintiff has filed nine separate documents with the court (excluding the tendered proposed amended complaint filed January 25, 2006) since my January 25, 2006 order.

A number of motions are now pending.  They include three motions to dismiss: filed by John Does 1-4 (Jefferson County defendants, hereafter referred to as defendants) on March 22, 2005 [doc. #22]; another filed on June 28, 2005 [doc. # 52]; and the third motion directed at plaintiff's amended complaint (filed January 25, 2006), which was filed February 2, 2006 [doc. #168].[1]  Defendants have also filed a motion to strike the proposed amended complaint, filed February 2, 2006 [doc. #169].  Plaintiff has four motions pending: a motion  for permission to amend complaint (directed at his proposed amended complaint filed January 25, 2006), filed February 6, 2006 [doc. # 170]; a motion to remove protective order  (for production of documents) in which

---

[1] I refer to defendants collectively because all the named defendants at this time are employees or former employees of the Jefferson County Sheriff's Office.  The West Metro defendants, Vince Barrera and Kirk McIntosh, were dismissed from this action at the December 15, 2005 hearing, at which time I granted plaintiff's motion to dismiss those defendants.

plaintiff seeks "the disciplinary files of all officers and or deputies named in the complaint," arguing that he is entitled to such information based on his belief that there are police investigations of alleged criminal activities on the part of the Jefferson County Sheriff's Office deputies, filed February 7, 2006 [doc. #173]; a "Formal Letter" which was entered as a motion to stay, filed February 28, 2006 [doc. #179], which is now moot as a result of plaintiff's filing of the document styled "Tangible Evidence - 12 pg. Transfer Report;" and finally a motion for production of documents (supplement), filed March 3, 2006 [doc. #180], which seeks the same relief as his earlier filed motion, doc. # 173.

The proposed amended complaint plaintiff filed on January 25, 2006, names an additional seventeen individuals who are Jefferson County Sheriff's Deputies (thirteen), nurses from the "Prison Health Services" (three), and an employee of the Jefferson County Sheriff's department (one).[2] The allegations supplied in the proposed amended complaint suffer from now familiar infirmities. Plaintiff has been instructed to provide short and plain statements of his claims showing he is entitled to relief, and to link factual statements with claims to support his supervisory liability claim.

### *Pro se Pleading Standard*

Although "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," *Hall v. Bellmon*,

---

[2]Plaintiff filed numerous amended complaints in 2005 - on February 1, April 5, May 24, June 30, and August 3, 2005. On October 18, 2005 he filed a motion to amend. The other motions to amend and amended complaints (docs. ## 152 and 165) were addressed in previous orders I entered January 11 and January 25, 2006. The last amended complaint filed was January 25, 2006. Plaintiff has not been denied an opportunity to amend his complaint.

935 F.2d 1106, 1110 (10th Cir.1991), the Tenth Circuit "has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (internal quotation marks omitted).  Although I make some allowances for "the [*pro se*] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]"  *Hall*, 935 F.2d at 1110, I cannot assume the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.  *See id.* ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant.")  Plaintiff's references to "tangible evidence," medical records and other materials submitted, without any attempt to tie them to his claims or arguments, indicate Mr. Gonyea's apparent wish that I either perform his task of applying the law to the facts, or– more problematic – comb the entire file and  refine his arguments.  I will however not become an advocate for Mr. Gonyea, or dig through the materials he has submitted to make his case for him.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir.1998)(where *pro se* plaintiff was required to rebut defendant's summary judgment showing by specifically referring to particular facts in employment discrimination case, the court of appeals refused to reverse district court's summary judgment where court failed to uncover such facts).  I am not required to supply facts for a  *pro se* plaintiff that he fails to set forth himself.  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

I have instructed Mr. Gonyea on previous occasions about the need to link

particular facts to support his claims. I also will not construct his claims for him. *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("we do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant"). Accordingly, I read Mr. Gonyea's claims liberally, but do not read into such claims the arguments or factual matters which may be found in other sources to which he has directed me. See plaintiff's response to motion to dismiss, filed February 13, 2006 [doc. # 174] at 4; plaintiff's motion to amend, filed February 7, 2006 [doc. #171] at 1.[3]

*Exhaustion of Administrative Remedies as Required by the PLRA*

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "available" administrative remedies be exhausted prior to filing an action with respect to prison conditions under § 1983. A prisoner must exhaust all available administrative remedies prior to seeking relief in federal court, regardless of the form of relief sought, and irrespective of the type of relief offered through the administrative process. *Booth v. Churner*, 532 U.S. 731 (2001); *Porter v. Nussle*, 534 U.S. 516 (2002).

An inmate must plead exhaustion in his complaint. To satisfy the statutory exhaustion requirement, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-

---

[3] In doc. # 174 at 4, plaintiff refers to his show of cause, filed June 28, 2005; response to motion to dismiss, filed July 5, 2005; and response to motion to dismiss under qualified immunity, filed September 14, 2005. In doc. # 171 at 1, Mr. Gonyea directs me to tangible evidence, filed December 6, 2005 [doc. 141]; evidence filed October 18, 2005 [doc. # 112]; his medical records filed August 1, 2005 [doc. # 83]; factual evidence filed August 1, 2005 [doc. # 83]; factual evidence filed August 15, 2005 [doc. # 87]; and his show of cause filed July 1, 2005.

11 (10th Cir. 2003).  A prisoner must allege specific facts to show that he exhausted available administrative remedies, or submit copies of the grievances he filed and responses from the prison.  *Steele*, 355 F.3d at 1210-11 (citing *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000)).

In his November 24, 2004, original complaint at 11,  plaintiff wrote under the line on the form marked "yes" to indicate whether available administrative remedies were exhausted, "now incarcerated in different county" (no copies of grievance forms are attached).  In the first amended complaint at 8, filed February 1, 2005, Mr. Gonyea wrote  "filed originally in Jefferson County - accepted and then returned after filing see attached documents."  No grievance forms are attached, but plaintiff does include forms he filled out, some bearing a court file stamp, for the Jefferson County court.  The second amended complaint at 18, which was filed April 5, 2005, as a "Petition for Compensatory and Punitive Damages," contained another "now incarcerated in different county" explanation, while the third amended complaint at 15, filed May 24, 2005, contained an additional comment  "3 different attempts to file in Jefferson County courts.  Filed then returned."  The fourth amended complaint at 11, filed June 30, 2005, bears the same language as the May 24, 2005 third amended complaint.  Mr Gonyea filed his fifth amended complaint on August 3, 2005.  He added another variation by inserting a note under the "yes" line in response to the inquiry "Is there a formal grievance procedure at the institution at which you are confined?" which reads "All were done through Arapahoe County because of being denied all access while at Jefferson County."  Fifth amended complaint at 14.  No grievance forms from either the

Jefferson County Detention Center or the Arapahoe County Detention Facility are contained in the court's file.  Mr. Gonyea's sixth amended complaint, filed January 25, 2006, is a handwritten document that does not incorporate any pre-printed forms.  It contains no specific references to exhaustion of administrative remedies, despite oral and written instructions from the court to the plaintiff to do so; plaintiff opines that the exhaustion requirement is unfair.

As set forth in *Steele*, the law in the Tenth Circuit is that exhaustion is a pleading requirement which must be met by the plaintiff or his complaint is subject to dismissal.[4]  A complaint that "fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." *Steele,* 355 F.3d at 1210, quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).  With this standard in mind, I must conclude that plaintiff's allegations do not demonstrate that plaintiff has exhausted his claims before bringing them to this court.  My conclusion is also appropriate in light of the Tenth Circuit's later instructions concerning administrative exhaustion in the PLRA context in *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004).  The *Ross* court held that "in the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997(e). *Id.* at 1184.  Plaintiff's proposed sixth amended complaint, like its predecessors and other materials submitted

---

[4] The Tenth, Eleventh and Sixth Circuits hold this minority view.  See *Rivera*, 144 F.3d at 731, *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)(*per curiam*).  Other circuits interpret §1997e(a) of the PLRA as allowing a defendant's assertion of failure to exhaust to be raised as an affirmative defense.  *Steele*, 355 F.3d at 1210.

as exhibits or evidence, does not meet the particularized averment requirement, nor are there any grievance forms attached.

Even where the "available" remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Booth*, 532 U.S. at 740 (holding that even where an inmate sought money damages and the grievance process did not permit such awards, exhaustion was required as long as there was authority to take some responsive action). Plaintiff's mistaken belief, as expressed in his motion to amend (supplemental arguments) filed February 7, 2006, at 9, that his unsuccessful attempt to file a claim in state court somehow relieves him of the exhaustion requirement under the PLRA, is of no help to him. *Booth* held that Congress had eliminated both the discretion to dispense with administrative exhaustion and the condition that it be " 'plain, speedy, and effective.' " *Id*. See also *Porter*, 534 U.S. at 520 ( "PLRA's exhaustion requirement applies to all inmate suits about prison life"). "Exhaustion ... serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir.2005) (quotation omitted).

Mr. Gonyea's implied argument that he has exhausted his administrative remedies by, in essence, failing to employ them and that since he may now be time barred from pursuing them, they should be considered exhausted by default, is without merit. That would trivialize the Supreme Court's holdings in *Booth* and *Porter* that exhaustion is mandatory. *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). I conclude that plaintiff has not established that he exhausted his administrative

8

remedies prior to bringing his claims to court, as required by the PLRA, *Ross*, 365 F.3d at 1184, that defendants' motions to dismiss should be granted, and that all claims against defendants should be dismissed for plaintiff's failure to exhaust his administrative remedies as required by the PLRA.  I do not consider the merits of Mr. Gonyea's complaint because to do so would be to prematurely "decide" the merits of his action.  *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1141 (10th Cir. 2005) (citation omitted).

Accordingly, it is

**HEREBY ORDERED** that:

Defendants' (Jefferson County defendants) motion to dismiss filed on March 22, 2005 [doc. #22] is **granted**;

Defendants' (Jefferson County) motion to dismiss filed on  June 28, 2005 [doc. # 52] is **granted**;

Defendants' (Jefferson County) motion to dismiss filed on February 2, 2006 [doc. #168] is **granted**; and

Defendants' motion to strike the proposed amended complaint, filed February 2, 2006 [doc. #169] is **denied as moot;**

Plaintiff's motion for permission to amend complaint filed February 6, 2006 [doc. # 170] is **denied as moot**;

Plaintiff's motion to remove protective order filed February 7, 2006 [doc. #173] is **denied**;

Plaintiff's "Formal Letter" which was entered as a motion to stay, filed February

28, 2006 [doc. #179] is **denied as moot**; and

Plaintiff's motion for production of documents (supplement), filed March 3, 2006 [doc. #180] is **denied as moot**.

It is

**FURTHER ORDERED** that plaintiff's complaint shall be dismissed in its entirety, without prejudice, for plaintiff's failure to exhaust administrative remedies, and the Clerk is directed to close this case.

Dated this 22nd day of March, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge